UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                                    Case No. 22-cr-20484

v.                                                  Hon. Denise Page Hood

Michael-Angelo Johnson,

        Defendant.

_____/

### UNITED STATES' SENTENCING MEMORANDUM

Defendant Michael-Angelo Johnson purchased 52 firearms from nine different federal firearms dealers between December 2018 and July 2021, and he admitted that he straw purchased multiple firearms for other individuals. Fifteen of the firearms he purchased have been recovered at crime scenes, and another gun was traced to a home invasion when it was later recovered. When Johnson illegally purchased firearms for others, he contributed to the violence endemic in our communities. For the reasons stated in this Memorandum, the government recommends a sentence of 37 months, which is the top of the guidelines as calculated by the parties, as "sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks and citations omitted).

1

## FACTS AND PROCEDURAL HISTORY

Johnson purchased 52 firearms from nine separate federal firearms dealers between December 2018 and July 2021. PSR ¶ 8. For each of the firearms he purchased, Johnson filled out Firearm Transaction Record (ATF Form 4473) and falsely claimed that he was the actual purchaser of the firearms. PSR ¶ 8. Each of the forms he filled out contained a warning, stating: "*Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person.*" PSR ¶ 8. Fifteen of the 52 firearms he purchased have already been recovered at crime scenes for weapon, drug possession, and assault arrests. PSR ¶ 9. On February 4, 2021, Michigan State Police recovered a Springfield Armory, Model XDME, from a traffic stop of another person. Johnson had purchased that firearm on January 23. 2021. PSR ¶ 10. That firearm was traced to a home invasion and is the basis for the Information. PSR ¶ 10.

Johnson admitted to agents that he purchased multiple firearms for others, including firearms to individuals involved in "stolen cars." PSR ¶ 12. Johnson pleaded guilty, without a Rule 11 plea agreement, to one count of making a false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 924(a)(6) and 924(a)(2).

## SECTION 3553(A) FACTORS

The government asks the Court to adopt the guideline range calculated by

the parties of 30 to 37 months, which is based on a total offense level of 22 and a

criminal history category of I.

The Supreme Court has noted that, in formulating the Sentencing

Guidelines, the U.S. Sentencing Commission's goal is to carry out the objectives of

18 U.S.C. § 3553(a). *United States v. Rita*, 551 U.S. 338, 350 (2007). While

advisory, the guidelines remain an important factor in fashioning a just sentence.

This is because "it is fair to assume that the Guidelines, insofar as practicable,

reflect a rough approximation of sentences that might achieve section 3553(a)'s

objectives." *Id.* Moreover, the guidelines "should be the starting point and the

initial benchmark" for choosing a defendant's sentence. *Gall v. United States*, 552

U.S. 38, 49 (2007). Thus, the starting point here is 30 to 37 months.

### A. The nature and circumstances of the offense

Straw purchasing 52 firearms for others over a span of several years is very

serious, especially given that the firearms Johnson purchased were falling into the

wrong hands. Those who would buy firearms from Johnson rather than from a

licensed dealer are usually prohibited persons who could not buy the guns legally,

because they were convicted felons or otherwise barred, or simply because they

wished to obtain a firearm that could not be traced to them in order to facilitate

their criminal activity. Purchasing guns for prohibited persons, or those who wish

to avoid detection, means the guns are falling into the wrong hands at the risk of

safety to the community. Indeed, 15 of the firearms Johnson purchased for someone else have already appeared at crime scenes.

Gun violence is a serious problem in the country in general and in Detroit in particular. Putting guns into the hands of criminals and would be criminals who seek to buy firearms illegally to avoid detection is a serious crime likely to be met with dire consequences. Gun control laws are worthless if the Courts are unwilling to impose serious punishment on individuals who violate those laws.

**B.      The history and characteristics of the defendant**

Johnson began illegally buying firearms for other people when he was 21 years old. He is now 25. Although this is Johnson's first felony offense, Johnson was not a candidate for the Restart program because 15 firearms he purchased for others were known to have been involved in crimes, including a home invasion. Furthermore, many of the firearms he purchased remain on the street and thus, may be used by others to commit additional crimes, including crimes of violence.

**C.      Seriousness of the offense, promotion of respect for the law, and just punishment for the offense**

Johnson's offense is a serious one. He bought guns used in crimes by those seeking to avoid detection, and likely by others who had nefarious purposes in mind when they paid Johnson to buy firearms for them.

To understand the importance of prosecuting straw purchasers acting in violation § 924(a)(6), a brief overview of federal gun control law is in order.  Since

4

1968, federal law has regulated sales by licensed firearms dealers, principally to prevent guns from falling into the wrong hands. *See* Gun Control Act of 1968, 18 U.S.C. § 921 *et seq.* Certain classes of offenders, such as convicted felons, drug addicts, and the mentally ill are prohibited from purchasing guns under § 922(g). In order to carry out this prohibition, licensed dealers are forbidden from selling a gun to anyone it knows, or has reasonable cause to believe, is such a prohibited buyer. *Abramski v. United States*, 573 U.S. 169, 172–73 (2014).

The statute provides a mechanism for ensuring that guns do not fall into the wrong hands by requiring dealers to verify, at the point of sale, whether a potential buyer may lawfully own a gun. *Id.* This involves the purchaser appearing in person, presenting identification, and subjecting oneself to a computerized background check via the National Instant Background Check System (NICS) to determine whether the potential purchaser is for any reason disqualified from owning a firearm. *Id.* In order to carry out these objectives, the ATF developed Form 4473 which gun purchasers must complete, and which includes a requirement that the purchaser aver that they are the actual buyer. *Id.* These forms are required to be kept in a dealer's records and help carry out the twin purpose of the Gun Control Act which is "to keep guns out of the hands of criminals and others who should not have them, and to assist law enforcement authorities in investigating serious crimes." *Id.* When an individual like Johnson buys guns for

others and presents his own identification at point of sale, the regulatory system is thwarted, and a background check of the actual buyer never takes place. The end result is that firearms wind up in the hands of criminals and other persons that Congress has deemed ineligible to have a gun because of the danger they pose to the community if they do.

In fact, that is exactly what happened in this case. Johnson purchased multiple firearms used in crimes, some involving narcotics and assaults, others illegal weapons possession. This is the very conduct that the Gun Control Act seeks to avoid. When a straw purchaser lies on a Form 4473, he impedes the important gun control measures put in place by Congress, and as a result, prevents an actual buyer from completing a background check and/or prevents law enforcement from tracing a gun used in a crime to the actual purchaser. Thus, the sentence for a violation of Section 924(a)(6) must reflect the seriousness of the offense. In our community which has been plagued by a series of unfortunate mass shootings, including ones at Michigan State and Oxford High School, as well as the shootings that take place every day in the City of Detroit, many of which receive no media attention, there has been much discussion about how to pass gun control measures to prevent gun violence. One important way to combat gun violence that is at an epidemic is to enforce the gun control measures that already exist. Here, Johnson repeatedly thwarted the requirement that the purchaser of a

gun consent to a background check. In doing so, he jeopardized the safety of the community. Because many of those firearms have not been recovered, his criminal conduct continues to expose the community to the risk of gun violence. For this reason, a significant custodial sentence is required.

**D.** **Adequate deterrence and protection of the public**

Deterrence of Johnson and others who would straw purchase firearms for prohibited persons requires a guidelines sentence. A guideline sentence will also serve to avoid unwanted sentencing disparities.

### CONCLUSION

The government recommends a sentence of 37 months' imprisonment.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/Rosemary Wummel Gardey*
Rosemary Wummel Gardey
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0285
rosemary.gardey@usdoj.gov

Dated: May 2, 2023

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2023, I filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification of such filing to all ECF participants of record.

*s/Rosemary Wummel Gardey*
Rosemary Wummel Gardey
Assistant United States Attorney
